IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 96-11212

Summary Calendar

---

UNITED STATES OF AMERICA

Plaintiff-Appellee,

versus

ADRIAN VALDEZ GARCIA

Defendant-Appellant.

---

Appeal from the United States District Court
For the Northern District of Texas
(4:95 CR 94-A-2)

---

September 29, 1997

Before KING, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Adrian Valdez Garcia appeals his conviction for possession with intent to distribute marijuana and methamphetamine, maintaining a place for the purpose of distributing marijuana and methamphetamine, and conspiracy to possess with intent to distribute marijuana. Garcia argues that the district court abused its discretion in preventing him from asking additional questions of prospective jurors during voir dire, thereby denying him his

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

right to a fair trial. He further contends that the evidence was insufficient to sustain his conviction on all counts. Finally, Garcia argues that the prosecutor engaged in misconduct through improper jury argument and the eliciting of untrue testimony. We affirm in all respects.

Garcia argues that the district court improperly cut off his questioning of potential jurors Murphy and Harris. Our review of the record, however, indicates that the court adequately inquired into those jurors' ability to be impartial, and it was justified in relying upon their assurances that they could be. See United States v. Quiroz-Hernandez, 48 F.3d 858, 868 (5th Cir. 1995). At best, Garcia's position amounts to a claim that he was forced to exercise a peremptory challenge for juror Murphy, a claim which fails to show any prejudice to Garcia's rights. See United States v. Mendoza-Burciaga, 981 F.2d 192, 197-98 (5th Cir. 1992), cert. denied, 510 U.S. 936 (1993). Nor did the district court abuse its discretion by dismissing prospective juror Sweeney for cause after it became evident that Sweeney could not render an impartial verdict. See United States v. Shannon, 21 F.3d 77, 82 (5th Cir.), cert. denied, 513 U.S. 901 (1994).

Turning to Garcia's next contention, we find the evidence sufficient to sustain his conviction on all counts. Garcia's central argument is that the Ernest Vera, a co-conspirator and the government's chief witness against Garcia, gave conflicting testimony about Garcia's participation in the conspiracy, which

2

cannot form the basis of a criminal conviction. Yet the mere "non-credibility" of a witness is not a sound basis for alleging insufficiency of the evidence. See United States v. Polk, 56 F.3d 613, 620 (5th Cir. 1995). The testimony of a co-conspirator will not be ignored by this court unless it is incredible, factually impossible, or insubstantial on its face. See United States v. Bermea, 30 F.3d 1539, 1552 (5th Cir. 1994); United States v. Jaras, 86 F.3d 383, 388 (5th Cir. 1996). Vera's testimony was none of these things.

Here, Vera's testimony along with substantial corroborating circumstantial evidence supported Garcia's conviction. According to the testimony at trial, Garcia had Vera rent the house where the drugs were found, personal papers belonging to both Garcia and his companion were found in the house, and Garcia was seen entering and leaving the house before his arrest. Accordingly, because Garcia was in control of the premises where the drugs were found, the jury could conclude that he was in constructive possession of the narcotics. See United States v. Cardenas, 9 F.3d 1139, 1158 (5th Cir.), cert. denied, 511 U.S. 1134 (1994). Moreover, various supplies used in drug trafficking, along with $2,900 in cash, were also found in the house. These items would allow the jury to infer that Garcia had the intent to distribute the drugs. See id. This evidence taken together would support a conviction for maintaining a place for the purpose of distributing marijuana. See United States v. Onick, 889 F.2d 1425, 1431 (5th Cir. 1989). Sufficient

evidence was also elicited to indicate that Garcia had entered into a criminal conspiracy with the other defendants. Direct evidence of Garcia's knowledge of the conspiracy was not necessary; the elements of a conspiracy can be proved circumstantially, as they were here. <u>See</u> <u>Cardenas</u>, 9 F.3d at 1157.

Finally, we find no prosecutorial misconduct on this record. Because Garcia objected to none of this at trial, we review for plain error. Garcia argues that the prosecutor elicited various perjured statements from Vera on direct examination, yet Garcia does not demonstrate that these statements were actually false, that the prosecutor knew they were false, and that the statements were material. Accordingly, we find no plain error. <u>See</u> <u>Faulder v. Johnson</u>, 81 F.3d 515, 519 (5th Cir.), <u>cert. denied</u>, 117 S. Ct. 487 (1996). Moreover, the prosecutor's characterization of the facts during closing argument does not amount to misconduct because it simply consisted of inferences and conclusions that she wished the jury to draw from the evidence. <u>See</u> <u>United States v. Washington</u>, 44 F.3d 1271, 1278 (5th Cir.), <u>cert. denied</u>, 115 S. Ct. 2011 (1995).

AFFIRMED.